UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEAN S. WANG, | ) No. CV 08-02476-VBK |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue: Whether the Administrative Law Judge ("ALJ") properly considered the testimony provided by

Plaintiff (as to her subjective symptoms).

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

# I

## THE ALJ DID NOT ERR IN DEPRECIATING PLAINTIFF'S CREDIBILITY

Plaintiff asserts that the ALJ erred by depreciating Plaintiff's credibility as to her subjective symptoms. Indeed, the ALJ found that Plaintiff's written statements and reports regarding her symptoms and their impact on her ability to work were not entirely credible. (AR 54.) Plaintiff asserts that the ALJ did not offer a single legally sufficient reason to reject Plaintiff's testimony and that it was improper for the ALJ to rely only upon the perceived conflict between the objective medical evidence and Plaintiff's self-described limitations, along with an analysis of her activities of daily living ("ADL"), in order to reach the credibility conclusion. (See JS at 8.)

In the ALJ's decision, the reasons that he relies upon to depreciate credibility are clearly stated. These include the following:

1. Plaintiff appears to overstate her symptoms and limitations;
2. While Plaintiff testified that she experiences constant intolerable pain in her face, head and neck, her doctors have reported some improvement of her pain symptoms with the use of the TENS unit; however, in August 2004 Plaintiff reported that she only sometimes uses the device;
3. Plaintiff's testimony that she is depressed and feels sad all of the time is in conflict with her statement to Dr.

2

|   |   |   |
|---|---|---|
|   |   | Bloch in August 2004 that she felt improvement in her mental health symptoms and requested that her psychotherapy be decreased to only twice a month (see August 5, 2004 report of consulting psychiatric physician Dr. Bloch, AR 1064); |
|   | 4. | Dr. Brown, the medical expert ("ME") testified at the hearing that Plaintiff's complaints are disproportionate to the medical conditions described in the records; |
|   | 5. | Plaintiff's ADL's, as reported, are inconsistent with her assertion of disability; |
|   | 6. | Plaintiff's credibility is reduced by her failure to seek regular and appropriate treatment; and |
|   | 7. | Plaintiff's credibility is reduced by inconsistent statements she has made with regard to her work activity. |

(AR 54-55.)

### A. Applicable Law.

Subjective complaints of pain or other symptomology in excess of what an impairment would normally be expected to produce are subject to the credibility assessment of an ALJ. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). An ALJ's assessment of a claimant's credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). However, when determining credibility, the ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); see also, Tonapetyan v. Halter, 242 F.3d at 1147. In order to find that a claimant's subjective complaints are not credible, an ALJ "must

specifically make findings that support this conclusion," Bunnell, 947 F.2d at 345, and provide "clear and convincing reasons." Rollins, 261 F.3d at 857; see also Varney v. Sec'y of Health & Human Serv., 859 F.2d 1396, 1398 (9th Cir. 1988)(requiring the ALJ to put forward "specific reasons" for discrediting a claimant's subjective complaints).

Credibility assessment is subject to a two-step analysis which is extensively described in Social Security Ruling ("SSR") 96-7p. The adjudicator must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. Once such an impairment is found, "the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." (Id.) In performing this analysis, ordinary techniques of credibility assessment are applied. All relevant evidence must be considered, but the following particular factors are highlighted in the regulations:

1. ADL's;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Precipitating and aggravating factors;
4. The type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms;
5. Treatment, other than medication, which is received for pain or other symptoms;
6. Any measures used to relieve pain; and
7. Other factors concerning functional limitations and

                restrictions due to pain or other symptoms.
(20 C.F.R. §§404.1529(c)(3); 416.929(c)(3); SSR 96-7p.)

    Ninth Circuit decisions closely mirror these regulations. For example, the Court has upheld a finding depreciating Plaintiff's credibility based on conflict between self-described pain and limitations, and treatment that is minimal or conservative. Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996). Similarly, failure to seek treatment, or failure to follow a prescribed course of treatment, which is unexplained or inadequately explained have been found to be relevant factors in the credibility assessment process. (See Fair, at 603.)

    In evaluating a claimant's ADLs, the question which the adjudicator must answer is whether the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting. If so, credibility may be depreciated. (See Fair, at 603; Morgan v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999).)

**B.  Analysis.**

    Plaintiff complained of constant and intolerable pain. (AR 1405.) She also described an inability to concentrate and a feeling of hopelessness. (AR 119.) She described constant headaches. (AR 134.) In a later Disability Report completed in 2004, she described severe constant muscle spasms and pain on the left side of her face and other locations; headache and tinitus; along with a sleep disorder. She described extremity weakness in her left lower side, an inability to concentrate on tasks and poor memory. She described depression, lack

of sleep and chronic pain. (AR 706.)

With regard to her ADL's, Plaintiff described efforts at self care, including cooking, doing therapeutic exercise and treatment, cleaning her house, watching television, and driving a short distance to visit her father. She asserted an ability to care for her personal needs, but claimed she required help to do house cleaning and to drive to see her physician, due to chronic fatigue and inability to concentrate on driving. She cooks three times a week, grocery shops every two weeks, and shops in the mall every four to six months. (AR 715-16.)

As noted, a lack of objective evidence to support claimed limitations is one factor, although it may not constitute the sole factor in assessing credibility with regard to excess pain. Here, the ALJ extensively reviewed reports of consultative and non-examining physicians, and summarized their conclusions that Plaintiff did retain the residual functional capacity ("RFC") to perform remunerative work. (AR 47-53.) With regard to mental health issues, a consultative psychiatrist, Dr. Feldman, examined Plaintiff and reviewed records and then issued a permanent and stationary report, finding that Plaintiff had no problem in performing simple, repetitive tasks and only a slight limitation in her ability to comprehend and follow instructions. (AR 863-866, 867-889.)

Two non-examining agency physicians reviewed the relevant medical evidence and concluded that Plaintiff retained the RFC to work. (AR 1029-1042.) Further, the ME, Dr. Griffin, provided expert testimony at the hearing (AR 1426-35) and concluded that Plaintiff would have only mild limitations in ADLs, concentration, persistence and pace, and that she experiences no deterioration or decompensation. (AR 1428-

1429.)

The ALJ noted Plaintiff's failure to utilize the TENS unit, although her doctors reported some improvement of her pain symptoms when she did use it. (AR 54, 1058.)  Further, the ALJ noted that in August 2004, Plaintiff told Dr. Bloch that she had not consulted with her primary treating physician, Dr. Glatstein, since September 2003. (AR 55, 1057-1058.)

Concerning ADLs, the issue is not, as Plaintiff describes it, whether or not she must shown to be in a vegetative state in order to be considered disabled.  Rather, as a technique of credibility assessment, inconsistencies in Plaintiff's reports of her daily activities are relevant. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005).  Here, while Plaintiff claimed extreme and constant pain, she also admitted that during the relevant time period, she went back to nursing, working two six-hour shifts every week. (AR 54, 1400-1401.)  Moreover, Plaintiff fails to demonstrate that her work activities should not have been considered by the ALJ, nor has she persuasively argued that her activities are not transferrable to a work setting (e.g., nursing skills).  Plaintiff reported a variety of other activities which also support a conclusion of transferability to the work setting, such as attending doctor's appointments, doing some exercise, performing various errands and household chores, shopping, cooking, and visiting people. (AR 54, 1081, 1097, 1123.)

In sum, although the Court has carefully considered Plaintiff's contentions, this is not a case where the ALJ made anything resembling a cursory or conclusory finding as to credibility; rather, the ALJ's decision reflects his careful analysis of a very extensive medical record.  Further, the ALJ complied with applicable regulations in

7

performing the credibility assessment, utilizing numerous of the factors which are specifically identified in the regulations, and applying them correctly.

For the foregoing reasons, the Court concludes that there is no error in the ALJ's decision, and it will be affirmed.

**IT IS SO ORDERED.**

DATED: January 7, 2009          /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE